# UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE

JPW INDUSTRIES INC.     )
           )
    Plaintiff,    ) **Civil Action No.** _____
           )
   v.       )
           )
OLYMPIA TOOLS INTERNATIONAL, INC., )
           )
    Defendant.   )
           )

## COMPLAINT

Plaintiff JPW Industries Inc. ("JPW"), for its complaint against Defendant Olympia Tools International, Inc. ("Olympia Tools"), alleges as follows:

## NATURE OF THE ACTION

1. This is an action for infringement of JPW's U.S. Patent No. 9,079,464, (the "'464 patent").

2. The '464 patent, titled Portable Workholding Device and Assembly, covers certain workholding devices, including vises, that can be mounted on the receiving hitches of pickup trucks and other vehicles, and also on surfaces such as workbenches.

3. JPW, based in La Vergne, Tennessee, sells vises covered by the '464 patent, under its Wilton ATV (All Terrain Vise) brand.

4. On information and belief, Olympia Tools imports and sells products that infringe the '464 patent.

## THE PARTIES

5.     Plaintiff JPW is a Washington corporation having its principal place of business at 427 New Sanford Road, La Vergne, Tennessee 37086.

6.     On information and belief, Olympia Tools is a California corporation having its principal place of business at 18051 Arenth Avenue, City of Industry, California 91748.

## JURISDICTION AND VENUE

7.     This action for patent infringement arises under 35 U.S.C. § 1 *et seq.* generally and 35 U.S.C. § 271 specifically.

8.     This Court has subject matter jurisdiction over this dispute under 28 U.S.C. §§ 1331 and 1338(a).

9.     On information and belief, this Court has personal jurisdiction over Olympia Tools because Olympia Tools has committed acts of patent infringement in the Middle District of Tennessee and elsewhere in the State of Tennessee by marketing, selling, and offering its products covered by the `464 patent for sale within the District.   Olympia Tools also has purposely availed itself of the rights and benefits of the laws of the State of Tennessee, having engaged in systematic and continuous contacts within the State of Tennessee.   For example, Olympia conducts business in this District and in this State, and has purposefully supplied and is supplying its infringing products to retailers residing in this District and in this State, which in turn offer and sell the infringing products to consumers in this District and in this State.

10.     Venue is proper in the Middle District of Tennessee under 28 U.S.C. §§ 1391 and 1400(b).

## OLYMPIA TOOLS' INFRINGEMENT OF THE `464 PATENT

11.     The `464 patent was duly and legally issued on July 14, 2015, naming Timothy Scott Onello and Charles Weber as the inventors.  A true and correct copy of the `464 Patent is attached as Exhibit A.

12.     JPW is the assignee and lawful owner of all right, title, and interest to the `464 patent, including the right to sue and to recover for past infringement of the `464 patent.

13.     On information and belief, Olympia Tools is infringing the `464 patent by using, offering to sell, and selling in the United States, and importing into the United States, infringing products, such as the "Olympia Hitch Vise" (Model No. 38-652), that practice one or more inventions claimed in the `464 patent.

14.     On information and belief, Olympia Tools also is infringing the `464 patent by importation, use, sale, and offer for sale of products made by JPW's patented method.

15.     Olympia Tools' Olympia Hitch Vice (Model No. 38-652) infringes at least claims 1, 3, 5, 6, 7, 8, 12, 21, 22, 23, 24, and 25 of the '464 patent.

16.     On information and belief, Olympia Tools has profited through its infringement of the `464 patent.  As a result of the defendant's infringement, JPW has suffered and will continue to suffer damage.

17.     Olympia Tools was aware of the `464 patent when it began its infringement.  In May 2015, JPW informed Olympia Tools about the existence of the claims of the pending patent application leading to the `464 patent, and informed Olympia Tools that its hitch vise products would infringe the `464 patent when it issued.   On July 16, 2015, JPW informed Olympia Tools that the `464 patent had issued and provided Olympia Tools with a copy of the patent.

18.     On information and belief, Olympia Tools' infringement of the `464 patent is willful and deliberate, entitling JPW to enhanced damages, reasonable attorneys' fees, and costs.

**COUNT I**

**INFRINGEMENT OF U.S. PATENT NO. 9,079,464**

19.     JPW incorporates paragraphs 1-18.

20.     Olympia Tools' importation, use, sale, and offer for sale of its infringing products infringe one or more claims of the `464 patent, including at least claims 1, 3, 5, 6, 7, 8, 12, 21, 22, 23, 24, and 25 of the '464 patent.

21.     As a result of Olympia Tools' unlawful infringement of the '464 patent, JPW has suffered and will continue to suffer damage.  JPW is entitled to recover from Olympia Tools the damages it has suffered as a result of Olympia Tools' unlawful acts.

22.     On information and belief, Olympia Tools' infringement is deliberate and willful. Therefore, JPW is entitled to enhanced damages under 35 U.S.C. § 284.

23.     This case is "exceptional," as that term is used in 35 U.S.C. § 285.

**PRAYER FOR RELIEF**

JPW requests the following relief:

A.     A judgment that Olympia Tools has infringed, literally or by the doctrine of equivalents, the `464 patent, and that the importation, use, offer for sale, and sale in the United States of its hitch vise products infringe the `464 patent;

B.     A judgment awarding JPW compensatory damages for Olympia Tools' infringement of the `464 patent, in no event less than a reasonable royalty;

C.     A judgement declaring that Olympia Tools' infringement of the `464 patent is and has been willful and deliberate;

D.     A judgement awarding JPW treble damages under 35 U.S.C. § 284 as a results of Olympia Tools' willful and deliberate infringement of the `464 patent;

-4-

E.    A judgment declaring that this is an exceptional case and awarding JPW its reasonable attorneys' fees and expenses, as provided by 35 U.S.C. § 285;

F.    An award of pre-judgment and post-judgment interest;

G.    An award of JPW's taxable costs in bringing and prosecuting this action;

H.    A grant of a permanent injunction pursuant to 35 U.S.C. § 283, enjoining Olympia Tools' from further infringement of the `464 patent; and

I.    All such other relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

JPW requests a jury trial of all issues properly triable by jury.

Dated:  December 6, 2016

By: _____

Melissa Hunter Smith (TN Bar # 26387)
STITES & HARBISON, PLLC
SunTrust Plaza
401 Commerce Street, Suite 800
Nashville, TN 37219-2376
Phone:  (615) 782-2283
Fax:  (615) 742-0731
Email:  melissa.smith@stites.com

**OF COUNSEL**

Imron Aly (*pro hac vice to be filed*)
Thomas White (*pro hac vice to be filed*)
Schiff Hardin LLP
233 South Wacker Drive, Suite 6600
Chicago, Illinois 60606
312-258-5500

Stephen Smith (*pro hac vice to be filed*)
Schiff Hardin LLP
901 K Street NW, Suite 700
Washington, DC 20001
202-778-6400

*Attorneys for Plaintiff*
*JPW Industries Inc.*